UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:10-CR-56(01) RM |
| ) | |
| JAMES A. SIMON ) | |

OPINION and ORDER

This matter is before the court on defendant James Simon's renewed motion for judgment of acquittal and alternative motion for new trial [Doc. No. 131]. For the reasons that follow, the court denies his motions.

I. BACKGROUND

A 23-count indictment was handed down in April 2010, charging Mr. Simon with filing false federal income tax returns (Counts 1-4), failing to file foreign bank account reports (FBARs)(Counts 5-8), mail fraud (Counts 9-19), and fraud involving federal financial aid (Counts 20-23). More than seventeen pretrial motions required four hearings, numerous oral rulings [Doc. Nos. 25, 33, 71 and 109], and three detailed written opinions and orders [Doc. Nos. 62, 74 and 100]. Trial began on November 2, 2010. Evidentiary objections were the rule, rather than the exception, during trial, and the court frequently had to restate earlier evidentiary rulings. Mr. Simon seemed to change his theory of defense mid-trial, requiring additional briefing.

On the trial's sixth and final day, the court presented the parties with a proposed set of final jury instructions based on the instructions the court and the

parties had tendered before trial, along with an explanation of the sources of those proposed instructions and a set of proposed rulings, and conducted an instruction conference. Pursuant to the court's stated policy, the parties are to tender any proposed jury instructions by the first day of trial. The court, accordingly, denied as untimely the supplemental proposed instructions Mr. Simon tendered at the conference [Doc. No. 122].

Evidence and closing arguments concluded on November 9, final instructions were given, and the jury deliberated for several hours before returning a verdict. The jury found Mr. Simon guilty of Counts 1-4 (filing false tax returns in violation of 26 U.S.C. § 7206(1)), Counts 6-8 (failure to file reports of foreign bank and financial accounts in violation of 31 U.S.C. §§ 5314 and 5322), Counts 9-12, 15, and 17-19 (mail fraud in violation of 18 U.S.C. § 1341) and Counts 20-23 (fraud involving federal financial aid in violation of 20 U.S.C. § 1097). Count 5 was dismissed on the government's motion at the close of its case in chief, and the jury found Mr. Simon not guilty on the mail fraud charges alleged in Counts 13, 14, and 16.

The court denied Mr. Simon's first motion for judgment of acquittal on November 4, at the close of the government's case in chief; and denied his second motion for judgment of acquittal on November 10, at the conclusion of the evidence. [Doc. No. 129]. Mr. Simon now renews his motion for acquittal, asking that the court either vacate the jury's verdict and enter a judgment of acquittal, or alternatively grant him a new trial.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29(c) governs motions for judgment of acquittal made after a jury verdict. A judgment of acquittal should be entered only "if there is insufficient evidence to sustain the jury's findings." Unites States v. Murphy, 406 F.3d 857, 861 (7th Cir. 2005)."[A] trial judge should reverse a jury verdict only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." Id.; *see also* United States v. O'Hara, 301 F.3d 563, 569-570 (7th Cir. 2002); United States v. Duprey, 895 F.2d 303, 310 (7th Cir. 1989). Under Federal Rule of Criminal Procedure 29(d)(1), "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed... [and] must specify the reasons for that determination."

Federal Rule of Criminal Procedure 33 governs motions for new trial, and provides that: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . .." Rule 33 motions are to be granted "sparingly and with caution," and only in "exceptional cases." United States v. Reed, 875 F.2d 107, 113 (7th Cir. 1989); *see also* United States v. DePriest, 6 F.3d 1201, 1216 (7th Cir. 1993); United States v. Morales, 902 F.2d 604, 605-606 (7th Cir. 1990.

III. Discussion

A. *Renewed Motion for Judgment of Acquittal*

Mr. Simon's renewed motion for judgment of acquittal is premised on arguments previously raised, considered, and rejected. He contends that there was insufficient evidence to prove: (1) that the funds he received from JAS Partners Ltd., Elekta Ltd., JS Elekta Ltd, and Ichua were taxable income that should have been reported; (2) that he acted willfully, knowingly, or intentionally; and (3) that he failed to file timely FBARs. Mr. Simon has presented no new authority or argument that persuades the court that its previous rulings were erroneous.

The government presented sufficient evidence to prove not only that Mr. Simon falsely reported his taxable income on his 2003-2006 returns, but that he falsely reported that he had no financial interest in, or signature or other authority over, financial accounts in foreign countries in those years. The absence of direct evidence of Mr. Simon's state of mind (willfulness, knowledge, or intent) doesn't bar conviction when there is convincing circumstantial evidence supporting the jury's determination, United States v. Ytem, 255 F.3d 394, 396 (7th Cir. 2001), as there was in this case. The government presented considerable and uncontradicted evidence that the Simons received large sums of money in 2003, 2004, 2005 and 2006 from various business entities that Mr. and/or Mrs. Simon created, owned, and/or controlled; that the funds were transferred from one entity to another before ultimately being deposited in Mrs. Simon's personal checking account; that the Simons used those funds to pay their personal expenses, and

4

that they didn't report any of those funds as income on their 2003-2006 tax returns.

Although Mr. Simon initially argued that the funds were non-taxable loans, he seemed to change course mid-way through trial, arguing instead that the funds were non-taxable distributions of capital. But he provided little evidence to support the loan theory, and no evidence to support a capital distribution theory. The evidence presented at trial was more than sufficient to establish the elements of the offenses charged in the counts of conviction.

The court detailed its reasons for rejecting Mr. Simon's argument with respect to the FBARs in the Opinion and Order issued on October 8, 2010 [Doc. No. 62], and finds no basis for reconsidering that decision now.

B. *Motion for New Trial*

Mr. Simon argues, in the alternative, that he is entitled to a new trial under Federal Rule of Criminal Procedure 33 because the court erred when it: (1) denied his pretrial motions for change of venue, to suppress evidence seized during the search of his home, to dismiss the indictment in its entirety, and to dismiss the counts relating to foreign bank account reports (FBARs) in particular; (2) excluded his proffered evidence and testimony concerning the nature and character of the funds as non-taxable distributions–specifically, the testimony of Howard Richshafer and Herbert Long; and (3) failed to properly or adequately instruct the jury and rejected the defendant's proposed jury instruction with respect to the

5

theory of defense (that the funds were non-taxable distributions) and his proposed instruction on good-faith reliance.

For the reasons stated in open court at the hearing on June 10, 2010, and in the Opinion and Orders issued on October 8 and October 20, 2010 [Doc. Nos. 62 and 74], the court rejects Mr. Simon's argument that it erred in denying his pretrial motions to change venue [Doc. No. 14]; to suppress and for an evidentiary hearing pursuant to *Franks v. Delaware* [Doc. No. 37], to dismiss the indictment based on tainted grand jury proceedings [Doc. No. 41], and to dismiss counts relating to reports of foreign bank accounts [Doc. No. 36].

The court already has considered Mr. Simon's arguments with respect to the admissibility of Mr. Richshafer's and Mr. Long's testimony, and stated its reasons for excluding their testimony on the record in open court on November 1 and November 5, 2010. Mr. Simon presented no authority then or now that warrants reconsideration of the court's earlier rulings. An expert may provide an opinion to help the jury understand the facts, but he may not give testimony stating ultimate legal conclusions based on those facts, or "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991); *accord*, Good Shepard Manor Found. Inc. v. City of Momence, 323 F.3d 557, 564 (7th Cir. 2003) ("expert tetimony as to legal conclusions that will determine the outcome of the case is inadmissible"); United States v. Sinclair, 74 F.3d 753, 757-58 n.1 (7th Cir. 1996) ("Federal Rules of Evidence 702 and 704

prohibit experts from offering opinions about legal issues that will determine the outcome of a case."); Panter v. Marshall Field & Co., 646 F.2d 271, 294 n.6 (7th Cir. 1981) ("It is not for witnesses to instruct the jury as to applicable principles of law, but the judge.").

Mr. Simon's challenges to the adequacy of the jury instructions in this case are similarly without merit. The court requires the parties to tender proposed jury instructions by the first day of trial. When Mr. Simon tendered supplemental instructions [Doc. No. 122] on the last day of trial, the court denied them as untimely. Even had they been submitted in a timely fashion, the instructions must be correct statements of the law that are supported by the evidence. They were not.

The court carefully considered Mr. Simon's arguments, has given detailed reasons for rejecting them, and believes that it properly ruled on each of the issues raised. Mr. Simon hasn't presented any authority or identified any error or circumstance that would warrant reconsideration at this stage of the proceedings or a new trial.

## IV. CONCLUSION

For these reasons, the court DENIES Mr. Simon's renewed motion for a judgment of acquittal and alternative motion for new trial [Doc. No. 131].

SO ORDERED.

ENTERED:   January 3, 2011

                /s/ Robert L. Miller, Jr.
Judge
United States District Court