UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CR-56(01) RM |
| | ) | |
| JAMES A. SIMON | ) | |

OPINION AND ORDER

James Simon was sentenced to six years in prison on March 29 on four counts of filing false income tax returns, 26 U.S.C. § 7206(1), three counts of failing to file reports of foreign bank and financial accounts, 31 U.S.C. §§ 5314, 5322, eight counts of mail fraud, 18 U.S.C. § 1341, and four counts of federal financial aid fraud, 20 U.S.C. § 1097. Mr. Simon now seeks bail pending appeal under 18 U.S.C. § 3143(b), (c).

I

To be released pending appeal, Mr. Simon must show (1) by clear and convincing evidence that he presents no danger or flight risk and (2) that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence that includes either no imprisonment or imprisonment for a shorter time than the appeal is expected to take. 18 U.S.C. § 3143(b). A substantial question is "a 'close' question or one that very well could be decided the other way." United States v. Bilanzich, 771 F.2d 292, 299 (7th Cir. 1985). In other words, "a toss-up or nearly so." United States v. Shoffner, 791 F.2d 586, 590

n.6 (7th Cir. 1986). In making these determinations, a district court should be humble with respect to the correctness of its own decisions.

A

Mr. Simon has satisfied his burden of proof concerning danger and flight. The government agrees that Mr. Simon poses no danger to the community or to any person in it. The government suspects that Mr. Simon has stashed away enough untaxed money to finance flight; the government points to the sums Mr. Simon must have spent in defending these charges. The government might be right; Mr. Simon has woven a sufficiently complex web that one can never be certain that everything is accounted for. Nonetheless, the court is persuaded by clear and convincing evidence (though not to a certainty) that Mr. Simon will not flee and leave his children behind.

B

Were that sufficient to provide the court with discretion to allow bail pending appeal, the court wouldn't hesitate to grant Mr. Simon bail. His children would benefit from another year or so of direct parenting, and Mr. Simon and his family might accept his imprisonment better after the court of appeals affirmed the judgment they haven't yet accepted.

But Congress doesn't grant courts such discretion until a convicted defendant makes a further showing that a substantial question of law or fact is

likely to (in the sense that the issue is nearly a toss-up) result in reversal, a new trial, or a much shorter sentence. Mr. Simon hasn't made that showing.

1

Mr. Simon raises arguments that would challenge first his FBAR convictions and less directly his tax convictions. Mr. Simon argues that because the Internal Revenue Service extended the deadlines for filing FBARs (and indeed purported to foreswear enforcement under certain circumstances), his failure to file the forms when they otherwise would have been due wasn't a crime. This court denied Mr. Simon's dismissal motion based on that argument on October 8, reasoning that if Mr. Simon committed a crime by not filing a required form when he was supposed to, the Internal Revenue Service had no magic wand to absolve him of that crime retroactively. Mr. Simon will appeal that ruling.

From this argument, Mr. Simon reasons that if he succeeds, his convictions on the tax counts must fall, as well, because they charged that his income tax returns were false, not solely because he omitted what the government contends was taxable income, but also because he denied having reportable interests in foreign accounts. *See* Yates v. United States, 354 U.S. 298, 311-312 (1957); United States v. Lee, 558 F.3d 638 (7th Cir. 2009).

The government cites a horde of cases that support the proposition that amendment of a regulation doesn't relieve criminal liability for pre-amendment conduct, *citing* United States v. United States Coin and Currency, 401 U.S. 715,

737-738 (1971); Allen v. Grand Central Aircraft Co., 347 U.S. 535, 553-555 (1954); United States v. Hark, 320 U.S. 531, 536 (1944); United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 332 (1936); United States v. Grimaud, 220 U.S. 506, 522 (1911); United States v. Uni Oil, Inc., 710 F.2d 1078, 1986 (5th Cir. 1983); City & County of Denver v. Bergland, 695 F.2d 465, 480 (10th Cir. 1982); United States v. Resnick, 455 F.2d 1127, 1134 (5th Cir. 1972); Crary v. Porter, 157 F.2d 410, 415 (8th Cir. 1946); Bowles v. Jones, 151 F.2d 232, 234 (10th Cir. 1945); O'Neal v. United States, 140 F.2d 908, 913-914 (6th Cir. 1944); United States v. Philipp, 63 F. Supp. 853 (E.D. Pa. 1945), and notes that the Notice on which Mr. Simon relies didn't rise to the level of a regulation. The government notes that the only case on which Mr. Simon relies (United States v. Tenzer, 950 F. Supp. 554 (S.D.N.Y. 1996)) is "a reversed district court case, the reasoning of which, according to Westlaw, no court anywhere has ever followed."

The court agrees with the government that Mr. Simon's argument on this point doesn't raise a close question of law. The court can't describe this issue as anything resembling a "toss-up."

2

Mr. Simon next points to evidentiary rulings he plans to appeal, specifically the rulings excluding evidence of loans to the entities with which Mr. Simon was associated but not involving Mr. Simon, and the court's refusal to allow witnesses to give opinions or explanations of the law. As to the first, the court ruled before

4

trial that evidence of transactions between Mr. Simon and the entities with which he was associated would be relevant to Mr. Simon's claim that the moneys he and his family got from those entities were loans. The court doesn't believe that evidence of any such transactions was excluded, unless the court excluded evidence of transactions that were too remote from the time period covered by the indictment. But the court also ruled that where the entities got the money that eventually went to Mr. Simon was irrelevant and very likely to confuse the jury.

Neither Mr. Simon's earlier arguments nor those put forth in his motion has persuaded the court that the source of the funds, as they went into the related entities before moving on to Mr. Simon or his family, makes more or less likely any fact of consequence to the case. When the motion was addressed on the eve of trial (and often during trial), the question for the jury was to be whether the moneys Mr. Simon received from those entities were loans or taxable income. As the trial went on and after the trial, an additional issue arose: whether the moneys from the related entities were distributions that weren't taxable because they didn't exceed Mr. Simon's basis. The court remains unable to discern how loans or other transactions among the related entities or others (apart from Mr. Simon) would help resolve those issues. If the money to Mr. Simon consisted of loans or distributions, it wasn't because of where or how the related entities got the money.

Mr. Simon cites, without extensive analysis, Boulware v. United States, 552 U.S. 421 (2008), in support of his evidentiary argument. Whatever Boulware might be thought to have said about the admissibility of basis evidence in cases

5

involving facts far different from those before the Boulware Court, it says nothing about the relevancy of evidence that an entity borrowed money that was then transferred to one of the entity's principals. Moreover, as the government notes in its opposition to the motion for bail, Mr. Simon's arguments and offers (which rarely attained any degree of specificity) elided the distinction between partnerships and corporations — and Mr. Simon was involved with, and received money from, both.

For Mr. Simon to succeed on his claim that the court should have allowed him to present expert testimony on the law, he would have to persuade the court of appeals to jettison decades of case law holding that it's the judge's job (and not that of an expert witness) to tell the jury what the law is. *See, e.g.*, United States v. Lupton, 620 F.3d 790, 799-800 (7th Cir. 2010) ("The court was correct in noting that the meaning of statutes, regulations, and contract terms is 'a subject for the court, not for testimonial experts. The only legal expert in a federal courtroom is the judge.'"); United States v. Caputo, 517 F.3d 935, 942 (7th Cir. 2008) ("The 'expert' would have testified about the meaning of the statute and regulations. That's a subject for the court, not for testimonial experts."); Bammerlin v. Navistar Int'l Transp. Corp., 30 F.3d 898, 900 (7th Cir. 1994) ("The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court."); Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 366 (7th Cir. 1990) ("By allowing the insurance companies' witness to tell the jury what the witness's legal research had

turned up on the meaning of a key term in the case, the judge allowed the jury to infer that it could look to that witness for legal guidance; and by doing this the judge impermissibly tilted the balance of power between the parties toward the insurance companies."). Mr. Simon hasn't disclosed to this court (either at trial or since) the argument by which hopes to persuade the court of appeals to do so.

For these reasons, the court can't find that Mr. Simon has identified an evidentiary issue that satisfies the bail statute's requirements.

3

Finally, Mr. Simon says he will appeal his sentence because the court ruled against his argument based on <u>United States v. Sturdivant</u>, 244 F.3d 71, 78-79 (2d Cir. 2001). He contends that since the tax counts each allege that the returns were false in either of two respects (stated income or denial of foreign accounts) and the record doesn't reflect which theory the jury accepted, <u>Sturdivant</u> compels that the sentence be calculated based on the less serious charged conduct — which Mr. Simon sees as the denial of foreign accounts because that conduct carries no tax loss. This argument doesn't persuade the court that the bail statute's requirements are met for two reasons. First, Mr. Simon has simply repeated his earlier argument without giving the court any new perspective as to why the reasoning at pages 9-12 of its sentencing findings (doc. #156) should be seen as wrong. Second, as the government notes, success on this argument wouldn't reduce his sentence to the brevity the bail statute requires.

If the false tax return counts were held to have caused no loss, the base offense level on those counts would be 6. U.S.S.G. § 2T4.1(A). His offense level on those counts would be increased by two levels because of the use of sophisticated means, U.S.S.G. § 2T1.1(b), by two more levels because of his management role over his wife, U.S.S.G. § 3B1.1(c), and by two more levels because of his abuse of his positions of trust, U.S.S.G. § 3B1.3, producing a post-remand offense level of 12 on Counts 1-4. The other groups would be unaffected (though the FBAR counts might be grouped with the tax return counts), so the offense level for the FBAR counts still would be 8 and the offense level for the fraud counts still would be 19. The guidelines still would treat these as one-and-a-half units, U.S.S.G. § 3D1.4(a, b), so the fraud group's offense level of 19 would be increased by one, producing a post-grouping offense level of 20, rather than the 27 the court computed in its sentencing findings. Because Mr. Simon is a Category I first offender, the sentencing guidelines would recommend a sentencing range of 33 to 41 months' imprisonment. U.S.S.G. § 5A.

The court has no reason to believe the appeal process would exceed the sentencing range the guidelines would recommend if Mr. Simon prevails on his Sturdivant argument, so the requirements of the bail statute are not satisfied.

II

The bail statute, 18 U.S.C. § 3143(b), limits the courts' authority to grant bail pending appeal to situations in which the defendant makes specified

showings. Mr. Simon hasn't made those showings, so the court DENIES his motion for bond pending appeal (doc. #161).

SO ORDERED.

ENTERED:  April 5, 2011 

         /s/ Robert L. Miller, Jr.
        Judge
        United States District Court