UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Cause No. 3:10-CR-56 RLM |
| ) | |
| JAMES SIMON ) | |

OPINION AND ORDER

James A. Simon, proceeding *pro se*, filed a motion for reconsideration and, in the alternative, sought a grant of an evidentiary hearing regarding this court's amendment of Mr. Simon's restitution obligation [Doc. No. 241]. Mr. Simon also moved to reduce restitution owed to the Department of Education, with a similar alternative request for an evidentiary hearing [Doc. No. 242]. The court denies Mr. Simon's motions.

I. BACKGROUND

In 2010, Mr. Simon was convicted of numerous financial crimes, including filing false tax returns, failing to file reports of foreign bank accounts, mail fraud, and financial aid fraud. Mr. Simon, among other things, fraudulently misrepresented his financial status to two private schools—Canterbury School and Culver Academies—to obtain financial aid for his children to attend those schools. As part of Mr. Simon's criminal sentence, he was ordered to pay restitution to the schools — $101,600 to Culver Academies and $17,000 to Canterbury School. Mr. Simon was also directed to pay $48,070.35 in restitution

to the Department of Education. Mr. Simon has completed his prison sentence but hasn't made full restitution.

On March 6, 2018, the government moved to amend Mr. Simon's restitution order to reflect the updated totals that he owed to the schools. [Doc. No. 231]. The government attached two exhibits to its motion — one indicated that Canterbury School didn't want any more restitution and the other indicated that Mr. Simon still owed Culver Academies $48,376. The same day the government filed its motion with the court, the government also mailed a copy of the motion to Mr. Simon directly, since he no longer has counsel. On March 7, the court ordered that Canterbury School would no longer be a payee for restitution, effectively reducing the original restitution order by $17,000. [Doc. No. 232]. The court also amended the original restitution order to indicate that Mr. Simon still owed Culver Academies $48,376. A copy of the order was mailed to Mr. Simon. Mr. Simon says he didn't get the government's motion until March 9, and that the government hadn't attached the two exhibits in to its motion. Mr. Simon received the two exhibits from the government on March 15 after requesting them. In the interim (on March 13), Mr. Simon received a copy of this court's order amending his restitution.

## II. Discussion

Because a *pro se* document is to be "liberally construed" by the court, Ray v. Clements, 700 F.3d 993, 1002–03 (7th Cir. 2012), the court reads Mr. Simon's first motion for reconsideration as raising three distinct claims. First, Mr. Simon

claims his Due Process rights have been denied because he wasn't given an opportunity to be heard regarding the motion to amend the restitution order. Second, he urges that in addition to the $17,000 struck from the restitution order, the court should also strike the remaining $48,376 owed to Culver Academies; alternatively, says the court should hold an evidentiary hearing regarding missing pages that document the amount owed in restitution to Culver Academies. Third, Mr. Simon's second motion requests the court strike the restitution owed to the Department of Education and, in the alternative, a grant for an evidentiary hearing regarding the computation of the restitution.

1. Motion for Reconsideration

*A. Due Process Claim*

Mr. Simon contends that his Due Process rights under the Fifth and Fourteenth Amendments were violated because this court amended his restitution order before he received notice of the government's motion in the first place. Essentially, Mr. Simon argues that he had a procedural due process right to receive notice and to be heard regarding the government's motion to reduce the restitution.

To prevail on a procedural due process claim, Mr. Simon must demonstrate the existence of "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." Khan v. Bland, 630 F.3d 519, 527 (7th Cir. 2010) (*quoting* Hudson v. City of Chi., 374 F.3d 554, 559 (7th Cir. 2004)). Our court of appeals hasn't addressed the question of whether

a defendant has a due process right to be heard on a reduction of his restitution order on a motion brought by the government, however the Eighth Circuit has encountered a similar issue. In Dyab v United States, the government sought to amend a prisoner's restitution order to indicate that "one of [the prisoner's] co-conspirators was jointly and severally liable for a portion of [the prisoner's] restitution obligation." 855 F.3d 919, 921 (8th Cir. 2017). Mr. Dyab didn't get notice of the amendment for eleven months, and he alleged a due process violation for not receiving notice and opportunity to be heard regarding the amendment. The Dyab court suggested that district courts do not have "unlimited license to amend a restitution order to the *detriment* of a [Defendant] . . . without giving the [Defendant] notice and an opportunity to be heard," Dyab v United States, 855 F.3d at 922 (emphasis added). But the court was silent about circumstances in which restitution orders affect the defendant either neutrally or positively.[1] Mr. Dyab then brought a claim in federal district court under the All Writs Act, 28 U.S.C. § 1651, alleging essentially the same due process claim. Dyab v. United States, No. 09-cr-0364 (1), 2018 WL 3031944, at *1 (D. Minn. June 19, 2018).[2] The district court ruled against Mr. Dyab, in part, because he couldn't show that the government had deprived him of a

---

[1] The Eighth Circuit ultimately ruled against the defendant in Dyab because the relief he sought—opportunity to appeal the modified order—was improper under 28 U.S.C. § 2255. Dyab v. U.S., 855 F.3d at 923.

[2] In its opinion ruling against Dyab, both the government and the Eighth Circuit suggested that the All Writs Act was a more proper avenue for the relief sought by the prisoner. Dyab v. U.S., 855 F.3d at 922.

property interest—he still owed exactly the same amount of restitution as before. Dyab v. United States, 2018 WL 3031944, at *1.

The reasoning of the Dyab courts is compelling. It is difficult to see how a protected interest of Mr. Simon's has been detrimentally affected or deprived when he owes "[n]ot one penny" more than when he was sentenced. Dyab v. United States, 2018 WL 3031944, at *1. The government didn't increase Mr. Simon's restitution, so it can't be said that the restitution order was amended to Mr. Simon's detriment. If anything, the government amended Mr. Simon's restitution to his benefit: he now owes $17,000 less. Because Mr. Simon can't demonstrate that he has suffered a deprivation of a cognizable property interest, he can't succeed on his due process claim.

Since the decision to amend Mr. Simon's restitution order to his benefit did not contravene any law or right, Mr. Simon's motion, at this stage, is inappropriate. "It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Iqbal v. Patel, 2017 WL 3580137, at *1 (N.D. Ind. Aug. 18, 2017), citing Broaddus v. Shields, 665 F.3d 864, 860 (7th Cir. 2011), overruled on other grounds by Hill v. Tangherlini, 724 F.3d 967, n.1 (7th Cir. 2013). No such circumstances are evident in the current case.

*B. Restitution Awards*

Mr. Simon alleges that his original sentence required him to pay restitution for "financial aid" only. Mr. Simon argues that the charges in the exhibit provided by the government in its motion to amend the restitution order constitute "non-financial aid" charges. This characterization of "non-financial aid" appears to be one that Mr. Simon has come up with himself. Because these charges are "non-financial," Mr. Simon alleges, they don't reference the amounts he owed in restitution from his original sentencing, so the court has essentially imposed an additional $48,376 in restitution upon him.

Mr. Simon's distinction between "financial aid" and "non-financial aid" is irrelevant to the analysis. Restitution "seeks to make the victims whole" for the expenses they incurred based on Mr. Simon's fraudulent and criminal actions. United States v. Venturella, 585 F.3d 1013, 1020 (7th Cir. 2009). Because Mr. Simon's fraudulently misrepresented his income, the schools financially provided for his children in the amounts determined at sentencing, including tuition costs and additional necessary charges, some of which are detailed in Exhibit 2 of the government's motion to amend the restitution order. Mr. Simon claims that to reduce the amount owed in restitution to Culver Academies from $101,600 to $48,376, the reduced amount must retain its "original 'financial aid' character." This $48,376 hasn't lost any of its original character—the money is in no way "new" restitution. Rather, it is the remaining amount that Mr. Simon must pay to Culver Academies. The arguments to the contrary, that this

restitution is either new non-financial in character or not tied to his mail fraud crimes, are unpersuasive.[3]

*C. Incomplete Documentation*

In the alternative, Mr. Simon seeks a grant of an evidentiary hearing because, as he sees things, the evidentiary record on which the amended restitution order was based is incomplete. When the government sought to amend the original restitution order, it provided a statement from Culver Academies indicating that Mr, Simon still owed $48,376 to the school. The pagination of Exhibit 2 indicates that the statement was fourteen pages in length, but the government only attached the first page and final fourteenth page as Exhibit 2. Both pages of the statement confirm that Mr. Simon owes Culver a total of $48,376. Mr. Simon was unable to obtain the missing pages from Culver Academies and the government hasn't responded to his requests for these pages to form a complete statement.

Mr. Simon claims that without these missing pages of the statement, the court has imposed an amended restitution order without apprising itself of the actual contents of the statement. Mr. Simon suggests, without evidence, that the

---

[3] Inasmuch as this claim could be construed as a direct challenge to Mr. Simon's original restitution order, this court denies such claim, as Mr. Simon has had the opportunity for direct appeal, *see* United States v. Simon, 727 F.3d 682 (7th Cir. 2013), and habeas relief, United States v. Simon, No. 3:14-cv-2025, 2016 WL 3597579 (N.D. Ind. July 5, 2016), *aff'd*, 2017 WL 3397345 (7th Cir. Mar. 30, 2017), *cert. denied*, 138 S. Ct. 337 (2017). Mr. Simon never raised challenges to restitution at his sentencing, so any challenge made here would be for plain error. United States v. Clavielle, 429 F. App'x 617, 619–20 (7th Cir. 2011) (*citing* United States v. Anderson, 604 F.3d 997, 1001 (7th Cir. 2010)). Mr. Simon hasn't alluded to any evidence that would compel this court to reconsider its original restitution order under a plain error analysis.

missing pages may contain financial charges that he might not owe Culver any restitution.

The charges in Exhibit 2 stem from Culver having paid for the tuition and general expenses of Mr. Simon's children for attendance at the school. Mr. Simon hasn't provided any evidence to suggest that Culver has misled the parties regarding the amount Mr. Simon owes to Culver for his financial crimes. Simply alleging that evidence might be missing (or improperly included) is insufficient to state a claim. *See* United States v. Ramsey, 130 F. App'x 821, 823 (7th Cir. 2005). Without more, Mr. Simon hasn't sufficiently alleged that Culver may have charged Mr. Simon for costs unrelated to his children's attendance at Culver. Mr. Simon hasn't shown a need for a hearing on the issue, so the motion for a hearing on the matter is denied.

2. Motion to Reduce Restitution

Mr. Simon contends that he should no longer be liable for the payment of restitution to the Department of Education. Mr. Simon's arguments are essentially rehashing arguments made at sentencing, on appeal, and in his 28 U.S.C. § 2255 petition. Mr. Simon can't relitigate these arguments now. Without pointing to some legal mechanism, Mr. Simon is precluded to contesting the monetary penalties levied upon him as part of the restitution order. 18 U.S.C. §3582(b) and (c); 18 U.S.C. §3664(o)(1),(2); Fed. R. Civ. P. 35(a). Mr. Simon's motion to reduce the restitution owed to the Department of Education is therefore denied.

CONCLUSION

For these reasons, Mr. Simon's motion for reconsideration [Doc. No. 241] and motion to reduce restitution [Doc. No. 242] are DENIED.

SO ORDERED

ENTERED:  February 4, 2019

                                                /s/ Robert L. Miller, Jr.
                                                Judge, United States District Court